**Grant COX and Betty Cox, Plaintiffs and Appellants,**

**v.**

**Burton Archie GREEN and Leslie Ann Green, Defendants and Respondents.**

**No. 19192.**

Supreme Court of Utah.

Jan. 31, 1985.

*McCann,* 293 Or. 522, 651 P.2d 717 (1982).

---

Phillip L. Foremaster, St. George, for plaintiffs and appellants.

John W. Palmer, St. George, for defendants and respondents.

PER CURIAM:

The district court entered summary judgment in favor of defendants and dismissed plaintiffs' amended complaint on the ground that the action was barred by the provisions of U.C.A., 1953, § 57–1–32.[1] We affirm.

On July 27, 1979, plaintiffs sold and defendants purchased real property consisting of a house and lot in Washington County, Utah. Defendants agreed to assume and pay a first trust deed lien on the property in favor of Heritage Savings and Loan Association and executed a promissory note secured by a second trust deed for the balance of the purchase price. The note, in the amount of $15,000, called for interest at the rate of 10% per annum and was payable in full on January 27, 1980.

Defendants defaulted on the note and vacated the premises. According to their initial complaint, plaintiffs exercised their power of sale under the trust deed and sold the property at trustee's sale on September 3, 1980, for ten dollars.

On February 25, 1982, plaintiffs commenced this action, claiming a deficiency owing on the note in excess of the proceeds received on the sale. Section 57–1–32 provides:

> At any time within three months after any sale of property under a trust deed, as hereinabove provided, an action may be commenced to recover the balance due

upon the obligation for which the trust deed was given as security....

Defendants moved to dismiss the complaint on the ground that the plaintiffs did not file their deficiency claim in a timely manner under the statute, but plaintiffs were allowed to amend their complaint in lieu of dismissal. In the amended complaint, plaintiffs alleged breach of contract on the part of defendants and prayed for damages for that breach, for recovery of the fair rental value of the property during defendants' possession, and also for punitive damages. Thereafter, the trial court entered summary judgment in favor of defendants, and plaintiffs appeal.

 The trial court ruled, and we agree, that section 57–1–32 provides the exclusive procedure for securing a deficiency judgment following a trustee's sale of the real property under a trust deed. Plaintiffs' election to sell the property to satisfy the debt precludes them from seeking any other remedy, including damages for breach of contract, which might have been available to them. Since plaintiffs' action was not filed within three months of the date of the trustee's sale of the real property, the trial court did not err in ruling that plaintiffs are not entitled to a deficiency judgment.

Because the judgment is affirmed on this ground, we do not reach defendants' second argument, that section 78–37–1 applies where a debt is secured by a trust deed as well as when it is secured by a mortgage.

Affirmed. Costs to defendants.

---

1. All statutory references are to U.C.A., 1953, as amended.