In re W.F. McCOMB, aka William Forsythe McComb, aka Bill McComb, fdba Capson, Morris & McComb, fdba Highlands Assoc., and fdba Six–M Investments, Debtor.

Nancy W. GARBETT, Appellant,

v.

W.F. McCOMB, Appellee.

BAP No. CC 88–1623 MoJP.

Bankruptcy No. SA 87–02471 JB.

Adv. No. M 7 1580 PE.

United States Bankruptcy Appellate Panel, Ninth Circuit.

Argued and Submitted March 15, 1989.

Decided July 17, 1989.

Joseph E. Tesch, Park City, Utah, for appellant.

No Appearance for appellee.

## OPINION

Before MOOREMAN, JONES and PERRIS, Bankruptcy Judges.

MOOREMAN, Bankruptcy Judge:

This appeal arises out of the bankruptcy court's order which denied the appellant's motion for determination of secured status and accordingly allowing the debtor's claimed homestead exemption. We reverse.

## FACTS

The following facts are essentially undisputed and largely taken from the bankruptcy court's Memorandum Decision. The debtor, W.F. McComb and appellant, Nancy W. Garbett were divorced in April 1982. Pursuant to the divorce decree, the appellant was awarded a certain piece of real property ("the property"), subject to the debtor's right to receive one-half of any future sale proceeds less the mortgage payments to be made by the appellant after April, 1982. The debtor failed to execute the required documents transferring his interest in the property and, thus, the property remained in both parties' names as tenants in common *until the subsequent sale* from which the underlying dispute arose.

Upon the debtor's failure to make required child support payments, the appellant filed a state court action in Utah. A settlement between the parties was reached in 1983, and the debtor *executed a deed of trust on his interest* in the property, which was to secure his performance under the settlement agreement. In February, 1987, escrow was opened for the sale of the property in the amount of $330,-000. However, a dispute arose between the parties as to the allocation of the proceeds from the sale. Both parties executed separate warranty deeds on the property which were placed into escrow. During escrow, correspondence between the appellant and the escrow company indicated that the appellant demanded that the debtor's alleged share of the proceeds ($117,000), not be disbursed to the debtor since it was subject to the Trust Deed. Upon the close of escrow, the warranty deeds from both parties were recorded by the purchasers of the property and the disputed portion of the sale proceeds ($117,000) were interpleaded into state court.

On April 22, 1987, the debtor filed the underlying Chapter 7 petition and claimed $7,900 of the sale proceeds as exempt. The appellant objected to the claim of exemption and sought a determination of her secured status as well as relief from the stay in order to obtain the funds.[1]

At the hearing on the above matter, the appellant testified that although she had executed a warranty deed as to her undivided one half interest in the property, she never intended to relinquish her security interest in the proceeds and in fact requested that the escrow agent not convey the warranty deed until resolution of the dispute over the sale proceeds.

---

1. It is essentially undisputed that the one-half share of the proceeds totalling $117,000, was insufficient to cover the appellant's contested security interest. At the time of sale, the appellant was owed approximately $195,000 pursuant to the settlement agreement and secured by the trust deed. This amount was based on *inter alia* mortgage payments made by the appellant as well as unpaid child support.

The bankruptcy court determined that the appellant had "voluntarily released her security by way of the warranty deed prior to the close of escrow." The bankruptcy court declared that there was "no authority which would grant [appellant] a lien on the proceeds of the sale." The bankruptcy court also determined that since the appellant did not have a secured interest in the proceeds, the debtor was entitled to an exemption in the amount of $7,900 pursuant to § 522(c). From this order, the instant appeal was timely filed.

## DISCUSSION

█ As previously mentioned, the debtor does not dispute that the full amount of his share of the proceeds was subject to the Trust Deed executed by him. Rather the only issue before this Panel is whether the warranty deed executed by the appellant constitutes a "release" of her secured status arising from the Trust Deed.[2] Determination of this issue is subject to applicable state law and a *de novo* review. *In re Coordinated Financial Planning Corp.*, 65 B.R. 711, 713 (9th Cir. BAP 1986). In the instant case, it is undisputed that Utah state law is applicable for resolution of the above issue. However, no applicable Utah authority was cited to the bankruptcy court.

█ The bankruptcy court's decision was based on the determination that by executing the warranty deed, the appellant "voluntarily released her security." Under Utah law, however, the execution of a warranty deed merely has the effect of conveyance of fee simple title in the property to the grantee. *E.g. Jacobson v. Jacobson*, 557 P.2d 156, 158 (Utah 1976). Thus, the parties' execution of the respective warranty deeds amounted to a conveyance of fee simple title to the grantee/purchaser. As between the appellant and the debtor, the security interest arising from the previously executed trust deed merely attached to the proceeds from the sale. *See e.g. Randall v. Valley Title*, 681 P.2d 219, 221–22 (Utah 1984). This conclusion is also

supported by the requirement that release of an obligation secured by a trust deed be accomplished through *reconveyance of the trust property to the trustor.* Utah Code Ann. Section 57–1–33 (1986). *See also South Sanpitch Co. v. Pack*, 765 P.2d 1279, 1281 (Utah App.1988). In the instant case, there was no such reconveyance to the debtor evidencing an intent to release the security interest held by the appellant.

Because the appellant retained a security interest in the proceeds from the sale of the property and that security interest exhausted the entire amount of the debtor's share in the proceeds, the debtor was not entitled to a homestead exemption because of the existence of the "consensual" security interest. Accordingly, the bankruptcy court's conclusions that the appellant was unsecured and that the debtor was entitled to a homestead exemption are REVERSED.

---

2. The debtor's brief does not contest that a security interest arising out of a properly executed

trust deed on real property attaches to the proceeds from the sale of such property.