**G. ADAMS LIMITED PARTNERSHIP, a Utah limited partnership, and C.A. Ferrin, Plaintiffs and Respondents,**

v.

**David L. DURBANO, Paul Sachter, Richard Mortensen, Steven R. Cundick, and Marlene H. Cundick, Defendants and Appellants.**

**No. 880393–CA.**

Court of Appeals of Utah.

Nov. 8, 1989.

Douglas M. Durbano (Argued), John H. Geilmann, Durbano, Smith & Reeve, Ogden, for defendants and appellants.

William Schwartz (Argued), Shawn C. Ferrin, Hansen & Anderson, Salt Lake City, for plaintiffs and respondents.

Before GARFF, GREENWOOD and ORME, JJ.

## OPINION

ORME, Judge:

Appellants are makers on (they say guarantors of) a note held by plaintiffs and initially secured by a trust deed. That trust deed was junior to a trust deed which was foreclosed nonjudicially. No proceeds from that sale were available to apply toward the obligation evidenced by the note at issue in this action. In due course, plaintiffs commenced this action to collect the full amount due on their now-unsecured note. They were awarded summary judgment, from which this appeal is taken.

Appellants raise two basic issues. First, they claim plaintiffs' action is statutorily barred because it was not commenced within three months of the trustee sale conducted pursuant to the senior trust deed. Second, they claim disputes of fact exist, concerning their status and the nature of their obligation, which make summary judgment inappropriate. We do not agree and, accordingly, affirm.

■ The statute on which appellants rely provides, in part, as follows:

At any time within three months after any sale of property under a trust deed, as hereinabove provided, an action may be commenced to recover the balance due upon *the* obligation for which *the* trust deed was given as security, and in such action the complaint shall set forth the entire amount of the indebtedness which was secured by *such* trust deed, the amount for which such property was sold, and the fair market value thereof at the date of sale.

Utah Code Ann. § 57–1–32 (1986) (emphasis added). Appellants' argument that the statute somehow applies to bar this action is untenable for at least four reasons. First, the plain language of the statute, in particular the emphasized adjectives, clearly indicates the statute limits only the rights of the beneficiary under the trust deed that was foreclosed—it does not affect the rights and obligations of parties to other trust deeds. Very simply, if the beneficiary of a trust deed elects to foreclose nonjudicially, is owed a deficiency following application of the sale proceeds, and wishes to obtain a deficiency judgment, an action for that purpose must be commenced by the beneficiary under that trust deed within three months of sale or any claim to

a deficiency is waived. The statute does not purport to address the status of obligations secured by junior trust deeds following a trustee sale pursuant to a senior trust deed.

Second, the interpretation urged by appellants would work anomalous results in several situations. For example, if a senior trust deed was foreclosed nonjudicially, the beneficiary of a junior trust deed would have only three months to bring an action on the note formerly secured by his or her trust deed. But what if that note was not in default? In appellants' view, the beneficiary would still have only three months to bring an action even though no action could be brought if no default existed. If the debtor could stay current for those three months, he or she could then cease making any payments whatsoever with absolute impunity.[1]

Third, the cases relied on by appellants are wholly inapplicable. One admittedly involves the beneficiary under a junior trust deed, but it was that beneficiary who foreclosed nonjudicially and then sought to bring first an action for deficiency judgment—and then such an action thinly disguised as one for breach of contract—beyond three months from the date of sale. *Cox v. Green*, 696 P.2d 1207 (Utah 1985) (per curiam). Another case actually concerns the effect of a typographical error in a notice of sale. *Concepts, Inc. v. First Sec. Realty Servs., Inc.*, 743 P.2d 1158 (Utah 1987) (per curiam). The opinion merely observes in passing that § 57-1-32 "requires an action to recover the balance due *upon the obligation for which the trust deed was given as security* to be commenced within three months after the sale of the property under trust deed," *id.* at 1159 n. 1 (emphasis added), in no way even implying the strained interpretation appellants urge. The third case, *Randall v. Valley Title*, 681 P.2d 219 (Utah 1984), concerns multiple trust deeds, but deals only with the disposition of sale proceeds in excess of the obligation secured by the trust deed which was foreclosed.

Finally, policy considerations are at odds with appellants' position. Nonjudicial foreclosure of a trust deed spares the beneficiary the cost of a lawsuit and the delay and uncertainty of a six-month redemption period. It is appropriate, however, to impose a price on these benefits. The price is chiefly in the form of restrictions on the availability of a deficiency judgment. The action must be brought almost immediately and the deficiency amount will be calculated with reference to the fair market value of the property rather than the amount bid. *See* Utah Code Ann. § 57-1-32 (1986). It is fair to extract this price from the beneficiary who made the decision to take the nonjudicial shortcut. It would be grossly unfair to saddle a beneficiary under a junior trust deed with one aspect of that burden even though he or she did not participate in the decision and received no corresponding benefit.

In sum, the trial court ruled correctly in denying appellants' motion to dismiss.

The remaining question is whether the court properly granted summary judgment to plaintiffs. We have carefully reviewed the entire record. Plaintiffs' motion was supported with several detailed affidavits setting forth facts which, if uncontroverted, would clearly entitle plaintiffs to judgment. Appellants responded with brief affidavits setting forth two conclusory statements and certain irrelevant observations as to the value of the property. In essence, the facts detailed in plaintiffs' affidavits remained uncontroverted for purposes of Utah R.Civ.P. 56, and judgment for plaintiffs, on the record before the court, was appropriate. *See, e.g., Williams v. Melby*, 699 P.2d 723, 725 (Utah 1985) ("An affidavit which merely reflects the affiant's unsubstantiated conclusions and which fails to state evidentiary facts is insufficient to create an issue of fact.").

---

1. Appellants observe that many trust deeds, including the one involved in this case, provide that any default in obligations secured by a senior lien will be deemed a default of the obligations secured by such trust deeds. This is true. However, many do not. One example is the standard short-form trust deed widely used in this state.

Appellants submitted an extensive affidavit some weeks after the hearing which would make the question a closer one, especially concerning the amount of the judgment. The trial court disregarded the affidavit in entering judgment and later formally entered its ruling striking the affidavit. The court explained its decision in these terms:

> This matter was heard on a motion for summary judgment. Counsel for the defendants stated that he would be able to substantiate his defense if he was allowed some time to obtain the paper work from Commercial Security Bank. This additional time was granted over plaintiffs' objection. When the additional time allocation had run out, defendants' counsel contacted this judge by telephone stating he needed additional time because of the switchover from Commer[cial] Security Bank to Key Bank, they were having difficulty locating the documents in question. This additional time was informally granted. Later, rather than supply the Court with the purported documentation, defendants submit an affidavit, which sets up a new argument based on opinion and conclusions in regard to the transaction. The documentation that defendants' counsel stated he would submit to the Court has never been submitted; and no authority was granted for the submission of additional affidavits and/or argument.

We see no abuse of discretion in the court's treatment of the untimely affidavit, especially in view of this explanation.

The judgment is affirmed. The case is remanded for a determination of the attorney fees to which plaintiffs are entitled in view of their success on appeal. *See Management Servs. Corp. v. Development Assocs.*, 617 P.2d 406, 408–09 (Utah 1980); Utah Code Ann. § 57–1–32 (1986).

GARFF and GREENWOOD, JJ., concur.