2000 Utah Ct. App. 116

**In the Matter of PROPERTY LOCATED AT 2793 SOUTH 3095 WEST, WEST VALLEY CITY, Utah 84119, Appellee,**

v.

**Antenette MUNFORD, Appellant.**

**No. 990144–CA.**

Court of Appeals of Utah.

April 27, 2000.

Russell A. Cline, Crippen & Cline, L.C., Salt Lake City, for Appellant.

J. Scott Lundberg and Judy Jorgensen, Lundberg & Associates, Salt Lake City, for Appellee.

Before JACKSON, Associate P.J., and BENCH, and DAVIS, JJ.

## OPINION

JACKSON, Associate Presiding Judge:

¶ 1 Antenette Munford appeals the trial court's grant of Alliance Funding Company's (Alliance) Motion for Release of Funds. We affirm.

## BACKGROUND

¶ 2 Munford owned property at 2793 South 3095 West, West Valley City, Utah (the Property). Zions Bank held a first lien on the Property. Alliance held a lien that was junior to Zions's lien. Both liens were evidenced by trust deeds and promissory notes.

¶ 3 After Munford defaulted, Zions began nonjudicial foreclosure proceedings against the Property. A trustee's sale was held on June 9, 1998. Alliance was the successful bidder, buying the Property for $66,000. This amount satisfied Zions's senior lien and left an excess amount of $17,932.41. On July 21, 1998, the Zions trustee deposited the excess funds with the Third District Court pursuant to section 57-1-29 of the Utah Code and Rule 4-507 of the Utah Code of Judicial Administration.

¶ 4 As of the date of the foreclosure sale, Munford owed Alliance $47,882.50 secured by the junior lien. On August 28, 1998, Alliance filed a Motion for Release of Funds, seeking a release of the $17,932.41 in excess proceeds on deposit with the court. Munford opposed the motion, arguing she should receive the proceeds. On January 15, 1999, the trial court granted Alliance's motion, releasing the excess proceeds to Alliance.

¶ 5 In a minute entry, the trial court ruled that Alliance was a junior lienholder and its right to the excess proceeds was governed by section 57-1-29 of the Utah Code. *See* Utah Code Ann. § 57-1-29 (Supp.1999) (stating after first applying proceeds to costs of sale, then to debt owed foreclosing lienor, trustee should pay "the balance, if any, to the person or persons legally entitled to the proceeds"). Further, the court ruled that under *Randall v. Valley Title*, 681 P.2d 219 (Utah 1984), the excess proceeds replaced the Property as security, and thus Alliance's lien attached to the excess proceeds. This appeal followed.

## ISSUE AND STANDARD OF REVIEW

¶ 6 Munford challenges the trial court's grant of Alliance's Motion for Release of Funds. The trial court based its ruling on its interpretation of section 57-1-29 of the Utah Code and *Randall v. Valley Title*, 681 P.2d 219 (Utah 1984). We review a trial court's interpretation of statutory and case law for correctness, affording no deference to the trial court's ruling. *See Rushton v. Salt Lake County*, 1999 UT 36,¶ 17, 977 P.2d 1201 (statute); *State v. Richardson*, 843 P.2d 517, 518 (Utah Ct.App.1992) (case law).

## ANALYSIS

¶ 7 Munford argues Alliance is barred by the one-action rule from receiving the excess proceeds. *See* Utah Code Ann. § 78-37-1 (1996) (providing "[t]here can be but one action for the recovery of any debt or the enforcement of any right secured solely by mortgage upon real estate"). Under the one-action rule, the creekor " 'must rely upon his security *before* [otherwise] enforcing

the debt.'" *City Consumer Servs., Inc. v. Peters,* 815 P.2d 234, 236 (Utah 1991) (quoting *Roseleaf Corp. v. Chierighino,* 59 Cal.2d 35, 27 Cal.Rptr. 873, 378 P.2d 97, 98 (1963)). Munford contends that Alliance bought the Property "for its own account" rather than "bidding in its junior lienholder debt," and that this distinction means Alliance failed to exhaust the security and cannot now pursue Munford's debt. Further, Munford asserts that the "sold-out junior lienholder" exception does not apply to the facts of this case. Under that exception, when a senior lienholder forecloses on the senior lien, the junior is not required to bid at the trustee's sale to exhaust its security.[1] *See City Consumer Servs.,* 815 P.2d at 236.

¶ 8 Alliance counters that, as a sold-out junior lienholder, it was not required to exhaust the security pursuant to the one-action rule. Further, Alliance contends that, under *Randall v. Valley Title,* 681 P.2d 219 (Utah 1984), the excess proceeds stand in place of the Property, and its junior lien therefore attached to the surplus proceeds.

¶ 9 We need not reach the issues of whether the one-action rule applies or whether Alliance is a sold-out junior lienholder,[2] because we agree with the trial court that this situation is governed by section 57–1–29 and by *Randall.* Section 57–1–29 provides:

> The trustee shall apply the proceeds of the trustee's sale, first, to the costs and expenses of exercising the power of sale and of the sale, including the payment of the trustee's and attorney's fees actually incurred not to exceed the amount which may be provided for in the trust deed,

second, to payment of the obligation secured by the trust deed, and *the balance, if any, to the person or persons legally entitled to the proceeds,* or the trustee, in his discretion, may deposit the balance of the proceeds with the clerk of the district court of the county in which the sale took place. . . .

Utah Code Ann. § 57–1–29 (Supp.1999) (emphasis added). In accordance with this statute, the Zions trustee paid the costs of the sale and satisfied the balance owing on its senior lien, and then deposited the excess funds with the court pending a determination of the "person or persons legally entitled to the proceeds." *Id.*

¶ 10 The question of who—between Munford and Alliance—is legally entitled to the excess proceeds is answered by *Randall.* In that case, the property was encumbered by (in order of priority) a first trust deed, a mechanics' lien, and second and third trust deeds. *See Randall,* 681 P.2d at 220. Randall held the third trust deed. *See id.* The holder of the second trust deed, MZ & C, Inc., began nonjudicial foreclosure proceedings. *See id.* At the trustee's sale, Randall and MZ & C both bid on the property, with MZ & C being the successful bidder. *See id.* MZ & C bought the property subject to the first trust deed and the mechanics' lien. *See id.* After the amount owed MZ & C was satisfied, there was a surplus of $11,048. *See id.* Randall applied to the trustee for the surplus; when the trustee refused to pay Randall the surplus, Randall sued the trustee and MZ & C. *See id.* at 220–21.

---

1.  Munford also argues that treating Alliance as a sold-out junior lienholder would allow Alliance to dodge the three-month statute of limitations and fair market value requirements imposed by the deficiency judgment statute. *See* Utah Code Ann. § 57–1–32 (1994). However, by its very terms, section 57–1–32 applies only to actions brought "to recover the *balance due* upon *the obligation for which the trust deed was given as security.*" *Id.* (emphasis added). Thus, section 57–1–32 would apply only if the Property sold for an amount insufficient to satisfy Zions's senior lien, which did not happen in this case.

2.  In support of their respective arguments on this issue, both parties argued the applicability of

*City Consumer Services, Inc. v. Peters,* 815 P.2d 234 (Utah 1991). However, *City Consumer Services* is distinguishable from the case at hand. The issue in *City Consumer Services* was "whether the one-action rule also applies to a 'sold out junior lienor,' a creditor originally secured by a second lien against real property but unsecured as a result of the senior's foreclosure." *Id.* at 236 (emphasis omitted). In that case, the junior lienholder did not bid at the foreclosure sale. *See id.* at 235. The senior lienholder bought the property for the amount owing on its lien. *See id.* Thus, there were no surplus proceeds at issue.

Randall later bought the property from MZ & C.[3] *See id.* at 221.

¶ 11 The trial court ruled that Randall was legally entitled to the excess proceeds under section 57–1–29. *See id.* The supreme court agreed, explaining that "[a]lthough § 57–1–29 does not specifically mention junior trust deeds or lienholders, the surplus from the sale stands in the place of the foreclosed real estate and is subject to the same liens and interests that were attached to it." *Id.*

¶ 12 In our case, the trial court correctly concluded that Alliance was legally entitled to the excess proceeds. When the Property was sold at the foreclosure sale, the res securing Alliance's lien was converted from realty to personal property—specifically, the excess proceeds. It makes no difference that Alliance bought the Property; the sale of the Property did not extinguish Alliance's lien. Rather, the proceeds replaced the Property as security for Alliance's lien. *See id.* Accordingly, we conclude the trial court correctly ruled that Alliance was "legally entitled to the proceeds," Utah Code Ann. § 57–1–29 (Supp.1999), and the trial court

correctly granted Alliance's Motion for Release of Funds.

¶ 13 Both parties agreed at oral argument that, if the trial court's ruling is affirmed, Alliance should credit the $17,932.41 against Munford's obligation to Alliance. We agree, and thus direct that Alliance credit Munford in the amount of $17,932.41.

## CONCLUSION

¶ 14 We affirm the trial court's grant of Alliance's Motion to Release Funds. Alliance is legally entitled to the funds because the excess proceeds replaced the Property as security for Alliance's lien.

¶ 15 WE CONCUR: RUSSELL W. BENCH, Judge, and JAMES Z. DAVIS, Judge.

---

3. The precise issue in *Randall* was "whether a junior trust deed holder or lienor forfeits his right to those surplus proceeds by later purchasing the property at a price claimed to be reduced by the amount of the surplus proceeds."

*Randall v. Valley Title,* 681 P.2d 219, 221 (Utah 1984).