2014 UT App 173

**DYCK–O'NEAL, INC., Plaintiff and Appellee,**

v.

**Evan N. WILSON, Defendant and Appellant.**

**No. 20130393–CA.**

Court of Appeals of Utah.

July 25, 2014.

---

L. Miles LeBaron, for Appellant.

Brad G. DeHaan, for Appellee.

Senior Judge RUSSELL W. BENCH authored this Memorandum Decision, in which Judges STEPHEN L. ROTH and JOHN A. PEARCE concurred.[1]

Memorandum Decision

BENCH, Senior Judge:

¶1 Defendant Evan N. Wilson appeals from the trial court's grant of summary judgment in favor of Dyck–O'Neal, Inc. (DONI).[2] We reverse and remand.

¶2 Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. Utah R. Civ. P. 56(c). We review the trial "court's legal conclusions and ultimate grant or denial of summary judgment for correctness"; we view "the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Orvis v. Johnson*, 2008 UT 2, ¶6, 177 P.3d 600 (citations and internal quotation marks omitted).

¶3 In February 2011, DONI filed a complaint seeking to recover a deficiency from Wilson after he defaulted on a $185,000 note (the Note) and requesting attorney fees and costs as provided by the Note and Utah Code section 57–1–32.[3] The Note was secured by a trust deed on real property located in Midway, Utah. According to DONI, Wilson's failure to make the scheduled payments on the Note prompted the trustee to foreclose on the property. In its original complaint, DONI titled its cause of action as "Deficiency," but in its Amended Complaint, DONI recast the cause of action as "Breach of Contract for Deficiency." The trial court granted DONI's motion for summary judgment based on a breach of contract theory and awarded DONI the balance remaining on the Note.

¶4 Wilson challenges the trial court's ruling as erroneous because, as asserted on the "the face ... of the pleadings," DONI's cause of action was for a deficiency judgment based on Utah Code section 57–1–32, not a breach of contract. *Compare* Utah Code Ann. § 57–1–32 (LexisNexis 2010) (requiring a party seeking a deficiency judgment to set forth in its complaint "the entire amount of the indebtedness that was secured by the trust deed, the amount for which the property was sold, and the fair market value of the property at the date of sale"), *with Bair v. Axiom Design, LLC*, 2001 UT 20, ¶14, 20 P.3d 388 (listing the prima facie elements of a breach of contract claim as "(1) [the existence of] a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) dam-

---

1. The Honorable Russell W. Bench, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

2. Wilson also argues that the trial court erroneously denied his rule 56(f) motion for a continuance and that summary judgment was precluded by disputed material facts regarding the damages

element of DONI's claim. *See generally* Utah R. Civ. P. 56(f). We need not address these issues due to our determination that DONI was not entitled to summary judgment. *See infra* ¶¶8–9.

3. The Note was originally executed in favor of Axiom Financial, LLC, whose successor-in-interest, Countrywide Bank, NA, assigned its interest to DONI.

ages"). We determine that under either theory for relief, there is simply not enough information in the record to determine whether DONI is entitled to a judgment as a matter of law.

¶ 5 In summary judgment proceedings, "the moving party has an initial burden of informing the trial court of the basis for the motion and identifying the portions of the pleadings or supporting documents which it believes demonstrate[ ] an absence of a genuine issue of material fact." *TS 1 P'ship v. Allred*, 877 P.2d 156, 158 (Utah Ct.App.1994); *see also Orvis*, 2008 UT 2, ¶ 10, 177 P.3d 600 ("Where the moving party would bear the burden of proof at trial, the movant must establish each element of his claim in order to show that he is entitled to judgment as a matter of law."). The movant must "affirmatively provide factual evidence establishing that there is no genuine issue of material fact" and cannot satisfy this burden by "merely point[ing] out a lack of evidence in the nonmoving party's case." *Orvis*, 2008 UT 2, ¶ 16, 177 P.3d 600. As a result, it is possible "that summary judgment may be inappropriate" regardless of whether the nonmoving party "properly respond[s] to the motion." *See id.*

■■■ ¶ 6 In order to pursue a contractual right to recover under the Note, DONI must demonstrate that it is a sold-out junior lienor—"a creditor originally secured by a second lien against real property but unsecured as a result of the senior's foreclosure." *See City Consumer Servs., Inc. v. Peters*, 815 P.2d 234, 236 (Utah 1991). A creditor whose interest is secured by a trust deed is limited in enforcing its debt by the "one-action rule." *Id.* at 235–36. Though that rule is couched in terms of mortgages, "Utah cases, as well as cases from many other jurisdictions, have held that the one-action rule applies to trust deeds." *Id.* at 236. This rule prohibits "a creditor whose loan is in default ... from suing the debtor personally on the note until it first forecloses against the real property," unless that creditor is a " 'sold out junior lienor.' " *Id.* at 236–37. In other words, the one-action rule precludes a creditor from pursuing a debtor personally "until the property securing the debt [is] exhausted or lost,

which [may] occur[ ] when ... [a] senior lienholder[ ] foreclose[s] on the property." *See APS v. Briggs*, 927 P.2d 670, 674 (Utah Ct. App.1996); *cf. Timm v. Dewsnup*, 2003 UT 47, ¶ 33, 86 P.3d 699 ("The fundamental lesson to be drawn from our cases interpreting the one-action rule is that its primary objective is to place the personal assets of a mortgagor beyond the reach of a mortgagee until the value of the pledged property is exhausted.").

■■■ ¶ 7 DONI did not provide sufficient information to demonstrate that it is a sold-out junior lienor. DONI merely asserted that it is an unsecured junior creditor, having lost its security interest under the Note when a senior creditor foreclosed on the property. DONI provided no information regarding the foreclosure and, indeed, has maintained throughout the course of these proceedings that the foreclosure on the property was prompted by Wilson's nonpayment of the Note between DONI and Wilson. Presumably, this would entitle only DONI to pursue foreclosure. It is difficult to understand how a senior creditor, who is not party to the Note between DONI and Wilson, could pursue foreclosure based on the debtor's default on a junior interest. *Cf.* Restatement (Third) of Prop.: Mortgages § 7.1 (1997) ("A valid foreclosure of a mortgage terminates all interests in the foreclosed real estate that are junior to the mortgage being foreclosed and whose holders are properly joined or notified under applicable law. Foreclosure does not terminate interests in the foreclosed real estate that are senior to the mortgage being foreclosed.").

¶ 8 Furthermore, if DONI, or the trustee under the trust deed, initiated the foreclosure, DONI cannot now pursue a breach of contract claim against Wilson. *See Cox v. Green*, 696 P.2d 1207, 1208 (Utah 1985) (per curiam) (holding that Utah Code "section 57–1–32 provides the exclusive procedure for securing a deficiency judgment following a trustee's sale of the real property under a trust deed" and that a creditor is prohibited from pursuing both a sale of the property and "any other remedy, including damages for breach of contract, which might have been available to [it]"). In that situation,

DONI would be limited to seeking a deficiency judgment in accordance with Utah Code section 57–1–32, which DONI admits it has not adequately pleaded. Because DONI has not provided sufficient information to prove whether it is a junior or senior lien holder and whether its security was extinguished by foreclosure of a senior lien holder, we cannot determine which cause of action DONI could have and should have pursued. Accordingly, DONI has failed to demonstrate that it is entitled to recover on a breach of contract cause of action against Wilson as a matter of law.

¶ 9 In conclusion, although DONI properly provided an affidavit with its motion for summary judgment, "there are still questions that remain unanswered about the salient facts pertaining to" DONI's cause of action and rights under the Note. *See Dyck–O'Neal, Inc. v. Sapan,* No. 323735, 1996 WL 715410, at *2 (Conn.Super.Ct. Dec. 4, 1996). The trial court's grant of summary judgment is reversed, and this case is remanded for further proceedings.